IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

KENNETH MEDENBACH,

        Defendant.

No. 1:15-cr-00407-MC

**ORDER**

**MCSHANE, J.**

    Defendant Kenneth Medenbach is charged with Unlawful Camping and with Unlawful Occupancy on public lands of the U.S. Bureau of Land Management (BLM). Defendant, who is representing himself, now files three motions to dismiss. I deny the motions.

**DISCUSSION**

**I. The Federal Government Has Jurisdiction Over the Public Lands at Issue**

    Defendant's first motion to dismiss, ECF No. 31, contends that the U.S. Constitution does not delegate to the United States the power "to own public lands in the states," and that "the power to own public lands in the states" is reserved to the states by the Tenth Amendment. Mot. Dis. 1, ECF No. 31.

    Defendant's argument has no merit. When the Constitution delegates power to Congress, the Tenth Amendment "expressly disclaims any reservation of that power to the States." *New*

PAGE 1 - ORDER

*York v. United States,* 505 U.S. 144, 156 (1992). Here, the Constitution, through the Property Clause, gives Congress the power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. Congress's power over public land "is without limitations." *Kleppe v. New Mexico,* 426 U.S. 529, 539 (1976) (citation and quotation marks omitted). "Congress 'may deal with [its] lands precisely as an ordinary individual may deal with his farming property. It may sell or withhold them from sale.'" *United States v. Gardner*, 107 F.3d 1314, 1318 (9th Cir.1997) (quoting *Light v. United States,* 220 U.S. 523, 536 (1911) (internal quotation marks and citation omitted by *Gardner*)). Therefore, "under the Property Clause, the United States can administer its federal lands any way it chooses." *Id.*

## II.  Federal Courts Have Jurisdiction to Interpret the United States Constitution

Defendant's second and third motions to dismiss, ECF Nos. 32 and 33, challenge the jurisdiction of this court to interpret the U.S. Constitution. These motions have no legal basis.

### A.  Second Motion to Dismiss

In his second motion to dismiss, ECF No. 32, Defendant argues that "the power to interpret the Constitution under the 10th Amendment is reserved to the people, by jury nullification, and the people of the union, assembled by their deputies and convention at the call of Congress or of two thirds of the states." Mot. Dis. 1, ECF No. 32.

The Ninth Circuit has rejected a similar argument that Article III courts lacked jurisdiction to interpret the Property Clause, noting that if the defendant's argument were correct, "it would be a jurisprudential revolution. Only the United States Supreme Court has the power to make such a fundamental readjustment of the law." *United States v. Gardner*, 31 F. App'x 476, 477 (9th Cir. 2002).

This court has jurisdiction to preside over this criminal proceeding, which arises under the "Laws of the United States." *Id.* (citing U.S. Const. art. III, § 2).

**B. Third Motion to Dismiss**

In his third motion to dismiss, ECF No. 33, Defendant challenges the validity of *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803), which held that the Constitution allows judicial review of federal statutes. *Id.* ("It is emphatically the province and duty of the judicial department to say what the law is."). Defendant has not shown any valid basis for challenging the holding of *Marbury*. *See also United States v. Medenbach*, 116 F.3d 487, 1997 WL 306437, at *3 (9th Cir. 1997) (unpublished disposition) (rejecting similar argument raised by Defendant in prior criminal action).

## CONCLUSION

Defendant's motions to dismiss (##31, 32, 33) are denied.

IT IS SO ORDERED.

DATED this 7th day of April, 2015.

/s/
MICHAEL MCSHANE
United States District Judge